**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-80707-CV-MIDDLEBROOKS

CURT M. LOCKETT,

      Petitioner,

v.

RICKY D. DIXON, Secretary,
Florida Department of Corrections,

      Respondent.

_____/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**
**(28 U.S.C. § 2254)**

**THIS CAUSE** is before the Court upon *sua sponte* review of the *pro se* Petition for Writ

of Habeas Corpus (DE 1) ("Petition") brought pursuant to 28 U.S.C. § 2254 by Petitioner Curt M.

Lockett ("Petitioner").   Therein, Petitioner challenges his convictions and resulting sentences

entered following consolidated plea and sentencing proceedings in the Fifteenth Judicial Circuit

in Palm Beach, Florida in *State of Florida v. Lockett*, No. 50-2023-CF-006374-AXXX-MB (Fla.

15th Jud. Cir. 2025) (the "6374 Case") and *State of Florida v. Lockett*, No. 50-2023-CF-7463-

AXXX-MB (Fla. 15th Jud. Cir. 2025) (the "7463 Case") (jointly, the "State Cases").[1]  (*Id.* at 1).  I

have reviewed the Petition (DE 1) together with relevant on-line information available in the state

---

[1]  The Court relies on the pagination generated on the Court's docket by the Case Management/Electronic Case Files ("CM/ECF") system, which appears in the header on all filings. The notation "DE" refers to the specific docket entry on this Court's docket.

trial court dockets.[2]  For the reasons discussed below, the Petition is **DISMISSED WITHOUT PREJUDICE.**

Because summary dismissal is warranted, Respondent has not been ordered to file a response but may do so if he so chooses.  *See* Rule 4(b) of the Rules Governing Section 2254 Cases in the United States District Courts (allowing for summary dismissal of a § 2254 motion if "it plainly appears from the face of the motion and any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to relief."); *see also Paez v. Sec'y*, *Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020) (holding that untimely petitions are subject to dismissal at screening stage under Rule 4 if the court provides the parties with notice and an opportunity to be heard); *Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021)(citing *Paez, supra.*)(accord).

## I.  BACKGROUND

### A.      Relevant State Court Proceedings

In the 6374 Case, Petitioner was charged by Information with burglary of a dwelling, possession of cocaine, possession of phencyclidine, giving a false name upon being arrested or detained, petit theft, and resisting an officer without violence.  In the 7463 Case, Petitioner was charged by Information with burglary of a dwelling and grand theft.

On February 6, 2025, Petitioner entered into negotiated plea agreements in both cases. Specifically, in the 6374 Case, Petitioner agreed to plead guilty to attempted burglary of a dwelling,

---

[2] The Court takes judicial notice of supporting exhibits filed in this case and information available in this Court and on-line in the state court proceedings. *See* Fed. R. Evid. 201; *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (quoting *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.")).

possession of cocaine, possession of phencyclidine, and petit theft; and as to the 7463 Case, Petitioner agreed to plead guilty to attempted burglary of a dwelling and grand theft. On February 6, 2025, after being adjudicated guilty in the State Cases, Petitioner was sentenced to a total of five (5) years in prison on the State Cases to run concurrent with each other. Petitioner did not appeal the court's Judgment. Thus, Petitioner's convictions and sentences became final and the federal one-year statute of limitations period began, at the earliest, on **Monday, March 10, 2025**, when the thirty-day period for filing a direct appeal expired following entry of the state court sentencing orders-judgments in the State Cases. *See* Fla. R. App. P. 9.140(b)(3) (providing for thirty days following entry of judgment to file notice of appeal); *Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]").

Before his convictions became final, on or about February 10, 2025, Petitioner filed a Letter with the state court, construed by the judge as a motion to withdraw his guilty pleas in the State Cases. On May 1, 2025, after the State filed a response to the motion, the court entered an Order denying the motion for the reasons set forth in the State's response. On May 19, 2025, Petitioner filed a notice of appeal in the State Cases appealing the court's Order denying his motion to withdraw pleas. On September 25, 2025, the appellate court entered an Order in *Lockett v. State of Fla.*, No. 1D2025-2431 (Fla. 1st DCA Sept. 25, 2025) (the "Appeal Case") requiring Petitioner to file an copy of the lower court's order of insolvency for appeal or pay the appellate filing fee. On that same date, the appellate court entered a separate Order in the Appeal Case requiring Petitioner to show cause why the appeal should not be dismissed because the notice of appeal appeared to be untimely.

On November 20, 2025, the appellate court entered an Order dismissing the Appeal Case because Petitioner failed to respond to the prior Orders.  Where, as here, Petitioner could have, but did not seek further review of the appellate court's order of dismissal, the judgments in the State Cases became final at the latest, on **December 20, 2025,** when the ninety-day period for seeking certiorari review in the United States Supreme Court expired following dismissal of his appeal. *See Stephens v. United States*, No. 0:18-KMW 2020 WL 70278977, at *3 (S.D. Fla. Oct. 7, 2020) *report and recommendation adopted,* No. 18-CV-61164-KMW, 2020 WL 7024491 (S.D. Fla. Nov. 30, 2020); *see also United States v. Gentry,* 432 F.3d 600, 604, n.2 (5th Cir. 2005) (noting that federal prisoner's conviction became final ninety days after court of appeals dismissed direct appeal for want of prosecution); *United States v. Sosa,* 364 F.3d 507, 509 (4th Cir. 2004)(federal prisoner's conviction became "final," triggering one-year limitations period applicable to § 2255 motion to vacate, ninety days after court of appeals dismissed defendant's direct appeal).

Over five months later, on **June 1, 2026**, Petitioner returned to the trial court filing a motion for postconviction release pursuant to Fla. R. Crim. P. 3.850 (the "Rule 3.850 Motion") in the State Cases.  Review of the trial court dockets in the State Cases reveals that the Rule 3.850 is still pending.

B.      **Federal Habeas Corpus Petition**

On June 1, 2026, the same date he filed his state Rule 3.850 Motion, Petitioner filed this § 2254 Petition presently before me for consideration.  (DE 1).

## II.  DISCUSSION

No model of clarity, Petitioner challenges his convictions in both State Cases, alleging: (1) there was insufficient evidence to support the conviction for theft or burglary; (2) his guilty plea was not knowing and voluntary because he was "misled about [the] meaning of

theft/burglary" and the State failed to provide a factual basis for the pleas; (3) he is actually innocent because he did not intend to commit theft or burglary and no theft or burglary was committed. (*Id.* at 6–10). This federal petition is due to be dismissed because it is prematurely filed as the claims raised herein can and should be raised on direct appeal or in a post-conviction proceeding.

Pursuant to 28 U.S.C. § 2254(b)–(c), petitioners must exhaust their claims before presenting them in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (quoting *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012)). When petitioners do not properly present their claims to a state court by exhausting those claims and complying with the applicable state procedure, § 2254 may bar federal review of those claims. *Mason v. Allen*, 605 F.3d 1114, 1119–20 (11th Cir. 2010) (relying upon 28 U.S.C. § 2254(b)–(c)). To properly exhaust a claim, a petitioner must fairly present "[e]very issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Mason*, 605 F.3d at 1119. Only after state post-convictions proceedings are pursued and concluded in the trial and/or appellate courts, and any appeals from the trial court rulings disposed of, may a petitioner challenge his confinement in this Court by way of a § 2254 petition. *Rose v. Lundy*, 455 U.S. 509, 518 (1992). Absent a showing that state remedies are inadequate, a state habeas petition cannot proceed in this Court under § 2254. *See* 28 U.S.C. § 2254.

Review of the record reveals that dismissal of this federal petition for lack of exhaustion is warranted so that Petitioner can fully exhaust his state court remedies on any and all claims he might wish to raise challenging his state court judgments following a belated direct appeal or in a state postconviction motion, and then return to this Court after exhaustion has been fully

completed. However, although Petitioner concedes the claims are unexhausted, he contends he has been unable to exhaust them on direct appeal following imposition of judgment in the State Cases because he is a restricted filer. Petitioner is mistaken. He was not prevented from filing an appeal. Instead, the record reveals his appeal challenging the denial of his motion to vacate plea in the State Cases was dismissed after he failed to comply with the appellate court orders. Further, Petitioner has filed a Rule 3.850 Motion in the State Cases challenging the lawfulness of his convictions in both cases. Petitioner may well get the relief he seeks by raising these federal claims in the state Rule 3.850 proceedings or by way of filing other state postconviction motions and/or petitions. Because this § 2254 Petition is, at best, premature, dismissal of this § 2254 Petition is warranted. *See Jiminez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007); *see also Leonard v. Wainwright*, 601 F.2d at 807, 808 (5th Cir. 1979).

Petitioner is cautioned that the amendments to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital petitions in federal court. 28 U.S.C. § 2244(d). Under § 2244(d)(1), a federal habeas corpus petition must be filed within one year after the petitioner's conviction and/or sentence become final. The statute of limitations is tolled while a properly filed application for post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, the limitations period is not tolled during the pendency of any previously filed § 2254 petitions. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (holding that the date of filing does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

While this federal petition appears to be timely, in order for any future federal petition not to be time-barred, Petitioner must pursue any and all appropriate state post-conviction relief expeditiously and then immediately return to this Court with all exhausted claims after the

conclusion of the state post-conviction proceedings.  Petitioner has time to seek additional state postconviction relief and then subsequent federal habeas corpus proceedings, so that dismissal of this proceeding does not render it unlikely or impossible for Petitioner to return to federal court within the applicable limitations period.  However, Petitioner is cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this Court.

### III. CERTIFICATE OF APPEALABILITY

A prisoner proceeding under 28 U.S.C. § 2241 must obtain a certificate of appealability to appeal. *See Medberry v. Crosby,* 351 F.3d 1049, 1062-63 (11th Cir. 2003) (citations omitted). Thus, when a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); However, when the district court rejects a claim on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record and applicable law, I find Petitioner is not entitled to a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

2.      No certificate of appealability shall issue.

3.        All other pending Motions are **DENIED as moot**.

4.        The Clerk of Court shall **CLOSE THIS CASE**.

**SIGNED** in Chambers at West Palm Beach, Florida, this <u>16th</u> day of June, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Curt M. Lockett,** *Pro Se*
DC#W12073
Walton Correctional Institution
Inmate Mail/Parcels
691 Institution Road
De Funiak Springs, FL 32433
PRO SE

**Florida Attorney General**
Noticing 2254/2241 SAG Broward and North
Email: FederalHabeas@myfloridalegal.com